UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELO BELLO-FLORES,

    Petitioner,

v.                                      Case No: 6:23-cv-2370-JA-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner under 28 U.S.C. § 2254. Respondent filed a Response to Petition ("Response," Doc. 8) in compliance with this Court's instructions and the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 11) to the Response.

### I.    Procedural Background

The State Attorney in and for the Ninth Judicial Circuit charged Petitioner in an amended information in Orange County, Florida, with trafficking in 200 grams or more of methamphetamine. (Doc. 8-1 at 51.) A jury trial was held, and Petitioner was found guilty of the offense. (*Id.* at 101.) The

trial court adjudicated Petitioner guilty of the offense and sentenced him to imprisonment for fifteen years. (*Id.* at 103-08.)

Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam* on June 12, 2018. (*Id.* at 552.) The mandate issued on July 23, 2018. (*Id.* at 559.)

On August 1, 2018, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1] (*Id.* at 591-603.) The state trial court denied Grounds Two and Three, reserved ruling on Ground Five, and granted an evidentiary hearing on Grounds One and Four. (*Id.* at 635-39.) After the evidentiary hearing, the trial court denied Grounds One, Four, and Five. (*Id.* at 708-20.) On January 11, 2022, the Fifth DCA affirmed *per curiam*. (*Id.* at 925.) The mandate issued on February 4, 2022. (*Id.* at 827.)

The Petition was filed on December 4, 2023.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

[1] Unless otherwise noted, any postconviction pleadings filed by Petitioner were *pro se*. References to the filing date of those pleadings shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

2

pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. ANALYSIS

Here, the Fifth DCA entered its *per curiam* affirmance of Petitioner's conviction and sentence on June 12, 2018. Petitioner then had 90 days to petition the United States Supreme Court for certiorari. *See* Rule 13 of The Rules of the Supreme Court of the United States (the 90-day period runs from the judgment entry date and not from the issuance date of the mandate). Thus, the judgment of conviction became final on September 10, 2018.

When Petitioner filed his Rule 3.850 motion on August 1, 2018, the one-year limitation period had not commenced. Those proceedings concluded on February 4, 2022, when the Fifth DCA issued mandate regarding the Rule 3.850 appeal. Thus, the one-year period of limitation was tolled until February 4, 2022. The one-year period expired 365 days later on February 6, 2023,[2] and the Petition was untimely filed.

Petitioner alleges that the Petition should be deemed timely. He asserts that he was housed at the Jackson Correctional Institution and "was assigned a[n] inmate law clerk to assist him in the preparation of" a federal habeas petition. (Doc. 1 at 18-19.) On December 8, 2022, he was "picked up by the Fedreal [sic] Marshall's and transported to the Federal Detention in Tallahassee, Florida." (*Id.* at 19.) "At all times that [he] was in Federal Detention he was under the impression that his [federal habeas] petition would be completed by the deadline of January 11, 2023, and be ready to file upon his return to State prison." (*Id.*) Upon his return to state custody on October 11, 2023, Petitioner "learned that all of his legal materials had been transferred with the clerk assigned to assist him and that the library was in the process of

---

[2] The actual date was Saturday, February 4, 2023. The next business day was Monday, February 6, 2023.

4

locating and retrieving his materials." (*Id.*) Petitioner received his legal materials on November 27, 2023. (*Id.*)

To support his argument, Petitioner attached the affidavit of Janese Caruthers, an assistant federal public defender in the Northern District of Florida. (Doc. 11-1.) Caruthers represented Petitioner in a criminal proceeding in the Northern District of Florida. (*Id.* at 2.) Caruthers states that she met Petitioner on December 8, 2022, which was his initial appearance in the federal criminal case. (*Id.*) She states that, because Petitioner "did not know he was going into federal custody, [he] did not bring his materials for his habeas petition with him." (*Id.*) Caruthers visited with Petitioner on December 19, 2022, and told him she could not give him legal advice "about filing a habeas petition." (*Id.*) Caruthers thought Petitioner had already filed a federal habeas petition and told him that she would check on the status of the case. (*Id.*) Caruthers next saw Petitioner on December 23, 2022, and told him she "could not find a petition that was filed for him." (*Id.* at 3.)

Caruthers states Petitioner "could not work on his petition" while in federal custody because he did not have the necessary materials. (*Id.*) Caruthers spoke with a counselor at Petitioner's state correctional facility, who said he did not see Petitioner's legal paperwork. (*Id.*) Caruthers again spoke to Petitioner on March 7, 2023, at the federal correctional institution where

5

Petitioner was housed and told him that she did not know whether a federal habeas petition would be tolled while he was in federal custody. (*Id.*) When Caruthers saw Petitioner on March 20, 2023, at the federal courthouse, she told him she did not believe the petition was tolled during his stay in a federal correctional institution. (*Id.* at 4.)

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotation omitted). "A prisoner's inability to access his legal papers is not a basis for equitable tolling." *Jenkins v. Sec'y, Dep't of Corr.*, No. 8:20-CV-1014-KKM-MRM, 2023 WL 3073598, at *3 (M.D. Fla. Apr. 25, 2023); *see also Walker v. Jones*, No. 1:12CV619-WHA, 2015 WL 5772063, at *5 (M.D. Ala. Sept. 30, 2015) ("A petitioner's *pro se* status, ignorance of the law, and lack of access to legal material and resources, however, are insufficient grounds on which to toll the limitation period."). Petitioner has shown no connection between the alleged lack of legal materials and his late filing. He has failed to allege how his inability to obtain his legal materials thwarted his efforts to file a federal proceeding in a timely manner. Petitioner has not shown

that separation from his legal materials was an extraordinary circumstance warranting equitable tolling.

Further, Petitioner's lack of legal knowledge and reliance on an institutional law clerk to assist him are not rare and exceptional circumstances. *Grant v. Inch*, No. 5:20CV108/RV/EMT, 2021 WL 968957, at *4 (N.D. Fla. Feb. 2, 2021); *see also Joubert v. McNeil*, No. 08-23374-CIV, 2010 WL 451102, at *1 (S.D. Fla. Feb. 8, 2010) (any negligence or incorrect advice by inmate law clerks is insufficient for equitable tolling."); *McCray v. Thomas*, No. 106-CV-1107-WKW, 2008 WL 5412480, at *7 (M.D. Ala. Dec. 29, 2008) ("A petitioner's reliance on the assistance or erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary to excuse the untimely filing of a petition.").

Finally, there is no indication that Caruthers misinformed Petitioner about the one-year period of limitation. Caruthers informed Petitioner on December 19, 2022, that she was unable to provide him with legal advice regarding filing a federal habeas petition and on March 7, 2023, that she did not know whether the limitation period would be tolled during his stay at the federal correctional institution.[3]

---

[3] In addition, Caruthers informed Petitioner on March 20, 2023, that "the time period to file the petition was not tolled" during his stay at the federal correctional

In sum, the reasons set forth by Petitioner to excuse his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. Petitioner has presented no evidence that the delay in filing the Petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. Consequently, the Court finds no basis for extending the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. The Petition will be denied as untimely.

Allegations not specifically addressed herein are without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

---

institution. (Doc. 11-1 at 4). Yet, Petitioner waited until December 4, 2023, to file the instant petition, showing a lack of due diligence.

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2025.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party